Settlement Date: August 11, 2010
Time: 10:00 A.M.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In the Matter of                                            :    Case No. 08-71867 (DTE)
                                                            :    Chapter 11
PARKVIEW CARE AND REHABILITATION                            :
CENTER, INC.,                                               :
                                                            :
                    Debtor.                                 :    **NOTICE OF SETTLEMENT**
                                                            :
------------------------------------------------------------x

   **PLEASE TAKE NOTICE** that an order, a true copy of which is annexed hereto as **Exhibit A**, which is simultaneously being served on all parties listed on **Exhibit B**, will be presented for signature to Hon. Dorothy T. Eisenberg, United States Bankruptcy Judge, on August 11, 2010 at 10:00 A.M.

   **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed order or counter-proposed orders must be submitted in accordance with LBR 9072-1(a).

Dated: Newark, New Jersey
       August 3, 2010

                           **DUANE MORRIS LLP**

                    By:    */s/ Joseph H. Lemkin*
                           Joseph H. Lemkin (JL-2490)
                           744 Broad Street
                           Newark, New Jersey 08536
                           (973) 424-2040
                           *Attorneys for Parkview Care and
                           Rehabilitation Center, Inc.*

# **EXHIBIT A**

DM3\1448086.1

DUANE MORRIS LLP
A DELAWARE LIMITED LIABILITY PARTNERSHIP
By:   Walter J. Greenhalgh, Esq. (Pro Hac Vice)
      Joseph H. Lemkin, Esq. (JL-2490)
744 Broad Street
Suite 1200
Newark, NJ 07102
973.424.2000
Facsimile 973.424.2001
Attorneys for Parkview Care and Rehabilitation Center, Inc.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE:

PARKVIEW CARE AND REHABILITATION
CENTER, INC.

Debtor.
------------------------------------------------------------X

Case No. 08-71867 (DTE)

Chapter 11

ORDER (I) APPROVING DISCLOSURE STATEMENT RELATING
TO THIRD AMENDED PLAN OF REORGANIZATION OF
PARKVIEW CARE REHABILITATION CENTER, INC. DATED
JUNE 16, 2010; (II) APPROVING SOLICITATION PROCEDURES,
FORMS OF BALLOTS AND MANNER OF NOTICE, AND (III)
FIXING THE DATE, TIME AND PLACE FOR THE
CONFIRMATION HEARING AND THE
<u>DEADLINE FOR FILING OBJECTIONS THERETO</u>

A hearing having been conducted by the Court on July 29, 2010 (the "Hearing") to consider the adequacy of the Debtor's Disclosure Statement ("Disclosure Statement") Relating to the Third Amended Plan of Reorganization ("Plan") filed with this Court by the Debtor dated June 16, 2010, and it appearing that proper and timely notice of the hearing was given; and it appearing that such notice was adequate and sufficient; and all appearances at the Hearing having been duly noted on the record of the Hearing, and each of the objections, if any, filed to the Disclosure Statement having been overruled or otherwise resolved by this Court and the

Debtor having made the conforming additions, changes, corrections and deletions to the Disclosure Statement necessary to comply with the record of the Hearing and incorporated them into the Disclosure Statement, and, upon the Disclosure Statement and the record of the Hearing and upon all of the proceedings heretofore had before this Court, and after due deliberation, and sufficient cause appearing therefor, it is

**ORDERED, FOUND AND DETERMINED THAT:**

1. The Disclosure Statement as revised in accordance with the record of the Hearing contains adequate information within the meaning of § 1125 of the Bankruptcy Code.

2. The Disclosure Statement is hereby approved, provided, however, that the Debtor is authorized to make further non-substantive modifications, clarifications and updates to the Disclosure Statement prior to the dissemination of the Disclosure Statement.

3. Only the following holders of Claims[1] in Classes 1, 4 and 5 of the Plan shall be entitled to vote with regard to such Claims: (a) the holders of timely filed proofs of claim as reflected on the official claims register maintained by the clerk of the Court, unless such Claims have been disallowed by the Court or otherwise disposed of by the Court prior to the Confirmation Hearing; and (b) the holders of scheduled claims that are listed in the Debtor's schedules of liabilities filed with this Court (as amended, the "Schedules") as not contingent, unliquidated, or disputed claims (excluding scheduled claims that have been superseded by a filed proof of claim), and the holder of a transferred and assigned Claim (whether a filed or scheduled claim) shall be permitted to vote such Claim unless the transfer of such filed or scheduled Claim has been objected to by the transferor within the time permitted by Rule 3001 of the Federal Rules of Bankruptcy Procedure and such objection to transfer has been sustained by the Court.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

7. Debtor's Counsel shall mail a ballot (with instructions), substantially in the form attached hereto as **Exhibit A** (the "Ballot"), to each holder of a claim in Classes 1, 4 and 5 under the Plan.

8. On or before _____, 2010, Debtor's Counsel shall deposit or cause to be deposited in the United States mail, postage prepaid, a sealed solicitation package (the "Solicitation Package") which, shall include:

   a. Notice of the Confirmation Hearing, substantially in the form attached hereto as **Exhibit B** (the "Confirmation Hearing Notice"), setting forth the time fixed for filing acceptances and rejections to the Plan, the time fixed for filing objections to confirmation of the Plan, and the date and time of the Confirmation Hearing;

   b. a copy of the Disclosure Statement, as approved by the Court (with exhibits including the Plan);

   c. a ballot (with instructions), in substantially the form attached hereto as **Exhibit A**.

9. Debtor's counsel shall mail the Solicitation Packages to the following holders of Claims in classes 1, 4 and 5 under the Plan:

   a. holders of Claims, that are listed in the Debtor's schedules as <u>not</u> contingent, unliquidated, or disputed (excluding scheduled Claims that have been superseded by filed Claims), and the holders of transferred and assigned scheduled Claims shall be permitted to vote such Claims, unless the transfer of such scheduled Claims has been objected to by the transferor within the time permitted by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and such objection to transfer has been sustained by this Court;

   b. holders of Claims that are the subject of a timely filed proof of claim which has not been disallowed, and the holders of transferred and assigned filed proofs of claim shall be permitted to vote such Claims, unless the transfer of such filed proofs of claim has been objected to by the transferor within the time permitted by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and such objection to transfer has been sustained by this Court.

10. In lieu of mailing the Solicitation Package, on or before _____ \_\_, 2010, the Debtor's Counsel shall deposit or cause to be deposited in the United States mail, postage prepaid, the appropriate Notice of the Confirmation Hearing, substantially in the form attached hereto as **Exhibit B**, to each holder of a claim or interests in an unimpaired class.

11. All persons and entities entitled to vote on the Plan shall deliver their original Ballots bearing an original signature by mail, hand delivery or overnight courier so as to be received no later than 4:00 p.m. Eastern Time on _____ \_\_\_, 2010 (the "Voting Deadline") to Debtor's Counsel at:

> Duane Morris, LLP
> 744 Broad Street
> Suite 1200
> Newark, New Jersey 07102
> Attn: Thelma Santorelli

Any Ballot received after such time shall not be counted other than as provided for herein. Ballots submitted by facsimile or otherwise not bearing an original signature shall not be counted.

12. The Debtor shall have the ability to extend the Voting Deadline at the Debtor's sole discretion.

13. For purposes of voting, the amount of a Claim used to tabulate acceptance or rejection of the appropriate Plan shall be the amount set forth on the ballots for that particular creditor which shall be one of the following:

    a. the amount set forth as a claim in the Debtor's Schedules as <u>not</u> contingent, unliquidated, or disputed (excluding scheduled Claims that have been superseded by filed Claims);

    b. the amount set forth on a filed proof of claim which has not been disallowed, disqualified, suspended, reduced or estimated and temporarily

allowed for voting purposes prior to computation of the vote on the Plans; or

c. the amount estimated and temporarily allowed pursuant to an order of this Court.

14. With respect to Ballots submitted by a holder of a Claim:

   a. only original ballots bearing original signatures shall be counted;

   b. any Ballot which is properly completed, executed and timely returned to the Debtor's Counsel that does not indicate an acceptance or rejection of the Plans or that indicates both an acceptance and rejection of the Plan shall be deemed to be a vote to accept the Plan;

   c. any Ballot which is returned to the Debtor's Counsel indicating acceptance or rejection of the Plan but which is unsigned or does not bear an original signature shall not be counted;

   d. whenever a holder of a Claim casts more than one ballot voting the same claim prior to the Voting Deadline, only the last timely Ballot received by the Debtor's Counsel shall be counted;

   e. if a holder of a Claim casts simultaneous duplicative ballots voted inconsistently, then such ballots shall count as one vote accepting the Plan;

   f. if a holder of a claim casts simultaneous duplicative ballots that are not voted inconsistently, only one such ballot shall be counted;

   g. each holder of a Claim shall be deemed to have voted the full amount of its Claim;

   h. each holder of any Claim shall be entitled to vote all of the Claims it holds, but may only cast a single ballot as to all Claims within a particular class;

   i. any Ballots that partially reject and partially accept the Plans shall not be counted; and

   j. any Ballot received by the Debtor's Counsel by telecopier, facsimile, e-mail, or other electronic communication shall not be counted.

17. The Confirmation Hearing of the Plan is scheduled to commence on \_\_\_\_\_ \_\_\_, **2010 at 10:00 a.m., Eastern Time**, at the United States Bankruptcy Court for the Eastern

5

District of New York, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, NY 11722-4437. This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s).

18. Any objection to confirmation of the Plan or to approval of the Settlement must (a) be in writing, state the name and address of the objecting party, the amount of its claim or the nature of its interest, and the nature of the objection or modification and the legal basis therefor; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Eastern District of New York, Long Island Federal Courthouse, 290 Federal Plaza, P. O. Box 9013, Central Islip, NY 11722-9013 on or before _____, **2010 at 4:00 p.m.**; and (d) be served so as to be <u>received</u> no later than 4:00 p.m. (EST) on the same day, upon (i) Counsel to the Debtor, Walter J. Greenhalgh, Esq., Duane Morris LLP, 744 Broad Street, Suite 1200, Newark, New Jersey 07102 e-mail: wjgreenhalgh@duanemorris.com; (ii) counsel to the Creditors' Committees, Michael S. Amato, Esq., Ruskin Moscou Faltischek, P.C., East Tower – 15th Floor, 1425 RexCorp Plaza, Uniondale, New York 11556-1425, e-mail: mamato@rmfpc.com, and (iii) Alfred M. Dimino, Esq., U.S. Department of Justice, Office of the United States Trustee, Eastern District of New York , Central Islip Division, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, NY 11722; and (iv) all other persons or entities on the Service List.

**ANY CONFIRMATION OBJECTION NOT FILED AND SERVED AS SET FORTH HEREIN SHALL BE DEEMED WAIVED AND SHALL NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

Dated: August\_\_, 2010
      Central Islip, New York

                                      HON. DOROTHY T. EISENBERG
                                      UNITED STATES BANKRUPTCY JUDGE



DUANE MORRIS LLP
A DELAWARE LIMITED LIABILITY PARTNERSHIP
By: Walter J. Greenhalgh, Esq. (Pro Hac Vice)
Joseph H. Lemkin, Esq. (JL-2490)
744 Broad Street - Suite 1200
Newark, NJ 07102
973.424.2000
Facsimile 973.424.2001
Attorneys for Parkview Care and Rehabilitation Center, Inc.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IN RE:

PARKVIEW CARE AND REHABILITATION
CENTER, INC.

Debtor.

Case No. 08-71867 (DTE)

Chapter 11

-----------------------------------------------------------------X

## BALLOT FOR PARKVIEW CARE AND REHABILITATION CENTER, INC.
## FOR HOLDERS OF CLASS 1, 4 AND 5 CLAIMS

Parkview Care and Rehabilitation Center, Inc. (the "Debtor") is soliciting votes with respect to the Parkview Care and Rehabilitation Center, Inc.'s Plan (the "Plan") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") from the holders of certain impaired claims against the Debtor. If you have any questions on how to properly complete this Ballot, please call Joseph H. Lemkin at (973) 424-2000.

THIS BALLOT IS TO BE USED FOR VOTING BY HOLDERS OF CLASS 1, 4 or 5 CLAIMS ONLY. IN ORDER FOR YOUR VOTE TO BE COUNTED, THE BALLOT MUST BE PROPERLY COMPLETED, SIGNED AND RETURNED SO THAT IT IS RECEIVED BY DEBTOR'S COUNSEL BY 4:00 P.M. EASTERN TIME ON _____, 2010, UNLESS SUCH TIME IS EXTENDED BY DEBTOR'S COUNSEL (THE "VOTING DEADLINE").

CREDITORS HOLDING CLASS 1, 4 or 5 CLAIMS THAT ARE LISTED AS "CONTINGENT, DISPUTED OR UNLIQUIDATED" IN THE SCHEDULES FILED BY THE DEBTOR WITH THE BANKRUPTCY COURT PURSUANT TO SECTION 521 OF THE BANKRUPTCY CODE (AS AMENDED, THE "SCHEDULES") ARE <u>NOT</u> ENTITLED TO VOTE ON THE PLAN UNLESS A PROOF OF CLAIM HAS BEEN TIMELY FILED BY SUCH CREDITOR WHICH PROOF OF CLAIM IS NOT DISPUTED AND HAS NOT BEEN DISALLOWED, DISQUALIFIED, OR SUSPENDED, AND WHICH IS NOT THE SUBJECT OF A PENDING OBJECTION ON OR WITHIN FIVE DAYS PRIOR TO THE CONFIRMATION HEARING.

| [ | Each Ballot will be individually generated setting | ] |
| [ | forth the name and address of the claimholder | ] |
| [ | and the claim amount such holder is entitled to vote. | ] |

DM1\2278147.1

PLEASE COMPLETE THE FOLLOWING:

    ITEM 1.    **Proof of Claim No.** _____.

    ITEM 2.    **Amount of Claim.** For purposes of voting to accept or reject the Plan of Parkview Care and Rehabilitation Center, Inc. the undersigned holds a Class 1 Claim against the Debtor in the amount of _____.

    ITEM 3:    **Class of Claim.** _____.

    ITEM 4.    **Vote on the Plan.** The undersigned holder of a Class __ Claim hereby votes to:

<u>Check one box:</u>    [ ]    Accept the Plan
                         [ ]    Reject the Plan

    ITEM 5.    **Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement, dated June 16, 2010, as revised including all exhibits thereto. The undersigned certifies that (i) it is the holder of a Class ___ Claim and (ii) the undersigned has full power and authority to vote to accept or reject the Plan. The undersigned understands that if the Ballot is validly executed, but does not indicate either acceptance or rejection of the Plan, then this Ballot will be counted as an acceptance of the Plan. The undersigned further acknowledges that the Debtor's solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.

    Print or Type Name of Holder of Class ___ Claim:_____

_____

    Social Security or Federal Tax I.D. No. of Holder:_____

    Signature:_____

    If by Authorized Agent, Name and Title of Agent:_____

    If Agent is NOT an Individual, Name of Entity:_____

_____

    Street Address:_____

    City, State, and Zip Code:_____

    Telephone Number:_____

    Date Completed:_____

# VOTING INSTRUCTIONS
# FOR COMPLETING THE BALLOT
# FOR HOLDERS OF CLASS 1, 4 AND 5 CLAIMS

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan, dated June 16, 2010 (the "Plan") as revised, which is described in the Debtor's Disclosure Statement dated June 16, 2010 (the "Disclosure Statement"). All capitalized terms used but not defined herein or in the Ballot have the meanings ascribed in the Plan or the Disclosure Statement. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THE BALLOT.**

2. The Plan will be accepted by a Class if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of claims in that Class voting on the Plan. In the event that a Class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of interests in, and any and all other holders of Claims against, the Debtor (including those who abstain or reject the, Plan or are not entitled to vote thereon) will be bound by the confirmed Plan and the transactions contemplated thereby.

3. **To have your vote counted, you must complete, sign and return this Ballot so that it is received by the Debtor's Counsel not later than 4:00 p.m., Eastern Time, on _____, _____ \_\_, 2010, unless such time is extended in the sole discretion of the Debtor (the "Voting Deadline").** Deliveries of Ballots by mail, hand delivery or overnight courier to the Debtor's Counsel should be sent to:

    Duane Morris, LLP
    744 Broad Street
    Suite 1200
    Newark, New Jersey 07102
    Attn: Thelma Santorelli

    **Ballots will not be accepted by telecopy or facsimile transmission.**

4. To properly complete the Ballot, you must follow the procedures described below:

    a. make sure that the information required in Items 1, 2 and 3 is correct;

    b. cast one vote to accept or reject the Plan by checking the appropriate box in Item 4;

    c. if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing and submit satisfactory evidence of your authority to so act;

3

d. please use additional sheets of paper if additional space is required to respond to any item on the Ballot (clearly marked to indicate the applicable item of the Ballot);

e. return your Ballot using the enclosed pre-addressed return envelope;

f. if you also hold Claims or Interests, in more than one, you may receive more than one Ballot, for the different class of Claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular class only if you complete, sign and return the Ballot labeled for that class in accordance with the instructions on the Ballot;

g. sign and date your Ballot;

h. if you submit more than one ballot voting the same Claim prior to the Voting Deadline, then the last timely filed Ballot shall be counted; and

i. provide your name and mailing address.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR, IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR, IF YOU NEED ADDITIONAL COPIES OF, THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT JOSEPH H. LEMKIN AT 973-424-2000.

EXHIBIT "B"

| DUANE MORRIS LLP | HEARING DATE: |
| --- | --- |
| A DELAWARE LIMITED LIABILITY PARTNERSHIP | HEARING TIME: |

By: Walter J. Greenhalgh, Esq. (Pro Hac Vice)
      Joseph H. Lemkin, Esq. (JL-2490)
744 Broad Street
Suite 1200
Newark, NJ 07102
973.424.2000
Facsimile 973.424.2001
Attorneys for Parkview Care and Rehabilitation Center, Inc.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

IN RE:

                                  Case No. 08-71867 (DTE)

PARKVIEW CARE AND REHABILITATION
CENTER, INC.                             Chapter 11

                 Debtor.
                                 X

---------------------------------------------------------

**NOTICE OF ORDER (i) APPROVING PARKVIEW CARE
AND REHABILITATION CENTER, INC. THIRD AMENDED
DISCLOSURE STATEMENT; (ii) APPROVING SOLICITATION
PROCEDURES, FORMS OF BALLOTS, AND MANNER OF NOTICE,
AND (iii) FIXING THE DATE, TIME AND PLACE FOR THE
CONFIRMATION HEARING AND THE DEADLINE FOR
<u>FILING OBJECTIONS THERETO</u>**

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT:**

1.    On July 29, 2010, the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), approved Parkview Care and Rehabilitation Center, Inc.'s (the "Debtor") Third Amended Disclosure Statement (the "Disclosure Statement") filed on June 16, 2010, as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code.

2.    All persons and entities entitled to vote on the Debtor's Third Amended Plan of Reorganization (the "Plan") shall deliver their ballots by mail, hand delivery or overnight

courier no later than 4:00 p.m. on _____, _____, 2010 (the "Voting Deadline") to:

> Thelma Santorelli
> Duane Morris, LLP
> 744 Broad Street, Suite 1200
> Newark, New Jersey 07102

3. Only the following holders of Claims[1] in the Classes 1, 4 and 5 shall be entitled to vote with regards to such Claims (a) the holders of timely filed proofs of Claim on the official Claims register maintained by the Clerk of the Court; and (b) the holders of scheduled Claims that are listed in the Debtor's Schedules as <u>not</u> contingent, unliquidated or disputed Claims (excluding scheduled Claims that have been superseded by a filed proof of Claim); and the holder of a transferred Claim (whether a filed or scheduled Claim) shall be permitted to vote such Claim, unless such filed or scheduled claim or the transfer of such filed or scheduled Claim has been objected to by the Debtor on or within five days prior to the hearing on confirmation of the Plan (the "Confirmation Hearing") or the transferor within the time permitted by Rule 3001 of the Federal Rules of Bankruptcy Procedure and such objection to transfer has been sustained by the Court before the close of business on the Record Holder Date. Holders of Claims subject to a pending objection shall not be entitled to vote on the Plan.

4. If you are not a holder of a Claim in Class 1, 4 or 5, you are not entitled to vote and have not received a ballot herewith. However, this does not preclude you from filing a formal pleading objecting to or supporting the Plan.

5. For purposes of voting, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be the amount set forth on the ballots for that particular creditor which shall be one of the following:

   a. the amount set forth as a Claim in the Debtor's Schedules as <u>not</u> contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims);

   b. the amount set forth on a filed proof of Claim which has not been disallowed, disqualified, suspended, reduced or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan; or

   c. the amount estimated and temporarily allowed pursuant to an order entered by the Bankruptcy Court.

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

6. With respect to ballots submitted by a holder of a Claim:

   a. any ballot which is properly completed, executed and timely returned to Counsel for the Debtor ("Duane Morris) that does not indicate an acceptance or rejection of the Plan shall be deemed to be a vote to accept the Plan;

   b. any ballot which is returned to Duane Morris indicating acceptance of rejection of the plan but which is unsigned shall not be counted;

   c. whenever a holder of a Claim casts more than one Ballot voting the same Claim prior to the Voting Deadline, the last timely Ballot received by Duane Morris shall be counted,

   d. if a holder of a Claim casts simultaneous duplicative, ballots voted inconsistently, then such ballots shall count as one vote accepting the Plan;

   e. each holder of a Claim shall be deemed to have voted the full amount of its Claim;

   f. each holder of any Claim shall be entitled to vote all of the Claims it holds, and shall be entitled to cast several ballots, to be counted separately, in determining numerical voting count as to each Claim within a particular class;

   g. any Ballots that partially reject and partially accept the Plan shall not be counted; and

   h. any Ballot received by Debtor's Counsel by telecopier, facsimile, e-mail or other electronic communication shall not be counted.

7. The Confirmation Hearing is scheduled for _____, 2010, at \_\_:00 a.m. Eastern Time, at the United States Bankruptcy Court for the Eastern District of New York, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, NY 11722-4437. This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s).

8. Pursuant to Bankruptcy Rule 2002, a plan proponent is required to give creditors and equity interest holders not less than twenty-five (25) days notice of the time fixed for filing objections to, and the hearing on, confirmation of a plan of reorganization, unless that time is shortened. The Court will conduct a hearing on the confirmation of the Plan on _____, _____, 2010 commencing at 10:00 a.m. Eastern Time. In connection therewith, the Debtor requests that the Court direct that any objections or proposed modifications to the Plan be in writing, state the name and address of the objecting party, the amount of its claim or the nature of its interest, and the nature of the objection or modification and the legal basis therefor; (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Eastern District of New York, Long Island Federal

Courthouse, 290 Federal Plaza, P. O. Box 9013, Central Islip, NY 11722-9013 on or before _____, ____ , **2010 at 4:00 p.m.**; and (d) be served so as to be received no later than 4:00 p.m. (EST) on the same day, upon (i) counsel to the Debtor, Walter J. Greenhalgh, Esq., Duane Morris LLP, 744 Broad Street, Suite 1200, Newark, New Jersey 07102 e-mail: wjgreenhalgh@duanemorris.com; (ii) counsel to the Creditors' Committees, Michael S. Amato, Esq., Ruskin Moscou Faltischek, P.C., East Tower – 15th Floor, 1425 RexCorp Plaza, Uniondale, New York 11556-1425, e-mail: : mamato@rmfpc.com, and (iii) Alfred M. Dimino, Esq., U.S. Department of Justice, Office of the United States Trustee, Eastern District of New York , Central Islip Division, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, NY 11722; and (iv) all other persons or entities on the Service List. **ANY CONFIRMATION OBJECTION NOT FILED AND SERVED AS SET FORTH HEREIN SHALL BE DEEMED WAIVED AND SHALL NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

Dated: August ___, 2010

                                                 Walter J. Greenhalgh, Esq. (Pro Hac Vice)
                                                 Joseph H. Lemkin, Esq. (JL-2490)
                                                 **DUANE MORRIS LLP**
                                                 744 Broad Street, Suite 1200
                                                 Newark, NJ 07102
                                                 phone: (973) 424-2000
                                                 fax: (973) 424-2001

                                                 Counsel for Debtor Parkview Care and
                                                 Rehabilitation Center, Inc.

# EXHIBIT B

| |
|---|
| ***Counsel for Debt Acquisition Group*** <br> Kenneth P. Silverman, Esq. <br> Edward M. Flint, Esq. <br> SilvermanAcampora LLP <br> 100 Jericho Quadrangle Suite 300 <br> Jericho, New York 11753 <br> 516-479-6300 |
| ***Counsel for Parkview Acquisition, I*** <br> Mark A Frankel, Esq. <br> **Backenroth Frankel & Krinsky LLP** <br> 489 Fifth Avenue <br> 28th Floor <br> New York, NY 10017 |
| Michael Amato, Esq. <br> **Ruskin Moscou Faltischek, P.C.** <br> East Tower – 15th Floor <br> 1425 RexCorp Plaza <br> Uniondale, New York 11556-1425 |
| Alfred M. Dimino, Esq. <br> Asst. U.S. Trustee <br> **Eastern District of New York** <br> (Central Islip Division) <br> Long Island Federal Courthouse <br> 560 Federal Plaza <br> Central Islip, NY 11722 |
| ***Counsel for Landlord*** <br> Kevin Toole, Esq. <br> Meltzer, Lippe, Goldstein & Breitstone, LLP <br> 190 Willis Avenue <br> Mineola, NY 11501 |
| Howard Kleinberg, Esq. <br> **Meyer Suozzi English & Klein P.C.** <br> 990 Stewart Avenue Suite 300 <br> PO Box 9194 <br> Garden City, NY 11530-9194 |

3