**DUANE MORRIS** LLP
A DELAWARE LIMITED LIABILITY PARTNERSHIP
By:    Walter J. Greenhalgh, Esq. (Pro Hac Vice)
        Joseph H. Lemkin, Esq. (JL-2490)
744 Broad Street, Suite 1200
Newark, NJ 07102
Telephone 973.424.2000
*Attorneys for Parkview Care and Rehabilitation Center, Inc.*

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

IN RE:

PARKVIEW CARE AND REHABILITATION
CENTER, INC.,

                         Debtor.

Case No.  08-71867 (DTE)

Chapter 11

------------------------------------------------------X

### MOTION BY DUANE MORRIS LLP TO WITHDRAW AS COUNSEL FOR DEBOR PARKVIEW CARE AND REHABILITATION CENTER, INC.

        In accordance with its representation to the Court in this case, Duane Morris LLP,

pursuant to Local Bankruptcy Rule 2090-1, submits this motion to withdraw as counsel for

Debtor, Parkview Care and Rehabilitation Center, Inc. ("Parkview").   In support thereof,

movant respectfully shows:

        1.        By Order of the Court, Duane Morris' Application for Retention was granted on

May 14, 2008.  (See **Exhibit "A"** attached).  Duane Morris (hereinafter "DM") has acted as

bankruptcy counsel to the Debtor.  This representation, however, has included services beyond

those typically rendered by debtor's counsel in a Chapter 11 case.  In addition to the standard

services provided by bankruptcy counsel, DM has also provided additional specialized services

regarding complex issues of employment/labor law, complex healthcare law, and has acted as

corporate counsel in assisting the Debtor in structuring a proposed transaction by which the

Debtor's ownership will be transferred.

A.      **Pre-Petition Services**

2.      Prior to the Petition Date, DM assisted the Debtor in preparing for the upcoming bankruptcy filing.  The tasks performed by DM during the pre-petition period include, but are not limited to: (a) preparing the Debtor's Chapter 11 petition; (b) multiple meetings and conferences between the Debtor and DM's professionals regarding strategy and the preparation and completion of the Debtor's Chapter 11 petition; (c) extensive research regarding the judgment obtained by the Union, and the propriety of the March 25, 2008 restraining notice forwarded to the Debtor's Bank by the Union; (d) extensive correspondence with counsel for the Union and the Bank regarding the restraining notice and efforts to lift same; and (e) review of the Debtor's list of creditors, vendors to complete all conflicts checks and begin the retention procedure for Debtor's counsel.

B.      **Post-Petition Services**

3.      Since the Petition date during the pendency of this case, the Debtor, through DM has filed five separate plans of reorganization and various additional modifications as follows:

|     | **Name of Plan** | **Docket No.** | **Date** |
| --- | --- | --- | --- |
| 1. | Debtor's Plan of Reorganization | 116 | December 5, 2008 |
| 2. | Debtor's First Amended Plan of Reorganization | 191 | November 25, 2009 |
| 3. | Debtor's Second Amended Plan of Reorganization | 201 | January 19, 2010 |
| 4. | Debtor's Third Amended Plan of Reorganization | 284 | June 16, 2010 |
| 5. | Debtor's Revised Third Amended Plan of Reorganization | 320 | August 3, 2010 |
| 6. | Debtor's Revised Amended Plan of Reorganization | 358 | November 5, 2010 |

4.      The Confirmation Hearing was held on May 31, 2011 and the Plan in this matter was confirmed.  Subsequently, the Order Confirming the Plan was submitted to the Court and signed on June 8, 2011. (See **Exhibit "B"** attached Order without Exhibit, the Plan).

5.     Attached hereto as **Exhibit "C"** is the agreement reached between the Debtor and DM with regard to the final legal fees and disbursements. This agreement was marked at the hearing on Confirmation as Exhibit "1", on May 31, 2011.

6.     Attached hereto as **Exhibit "D"** is the Order Granting Final Fees and Interim Fee Applications to Professionals entered by the Court on June 13, 2011.

7.     The Debtor has advised DM that it will not pay DM for any services performed in the bankruptcy proceeding since the Confirmation hearing held on May 31, 2011. DM has performed services on behalf of the Debtor since May 31, 2011 but based upon the Debtor's decision will not be paid for such services.

8.     The Debtor and DM have agreed that DM will provide no further services regarding the bankruptcy case and related matters. It would be unfair and unreasonable to direct that DM remain counsel of record and perform services without being compensated. Permitting withdrawal of Duane Morris will not prejudice the parties.

## CONCLUSION

The Court should grant this motion and permit DM to withdraw as counsel for Parkview. DM respectfully asks that the Clerk be directed to terminate the appearances of Walter J. Greenhalgh, Joseph H. Lemkin and Gia G. Incardone, along with all other DM attorneys of record in this case. A proposed order is submitted herewith.

Dated:  Newark, NJ
        August 2, 2011

                                     Respectfully submitted,
                                     **DUANE MORRIS LLP**

                                   By: /s/ *Walter J. Greenhalgh*
                                       Walter J. Greenhalgh, Esq.
                                       (admitted *pro hac vice*)

                                   By: /s/ *Joseph H. Lemkin*
                                       Joseph H. Lemkin, Esq.

*Attorneys for Parkview Care and Rehabilitation Center, Inc.*

3

# DECLARATION OF WALTER J. GREENHALGH

      1.      I execute this declaration in connection with the Motion by Duane Morris LLP to Withdraw as Counsel for Debtor Parkview Care and Rehabilitation Center, Inc. and the statements contained in this motion are true.

      2.      I am an attorney at law admitted to practice in the State of New Jersey since November of 1974.

      3.      I am a partner with the law firm of Duane Morris, LLP with law offices located at 744 Broad Street, Suite 1200, Newark, New Jersey . I have been a partner with this firm since August of 1996.

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

*/s/ Walter J. Greenhalgh*
Walter J. Greenhalgh

Dated:  August 2, 2011

DM3\1855796.1

EXHIBIT A

**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership
By:     Walter J. Greenhalgh, Esq. (Pro Hac Vice Admission Pending)
        Joseph H. Lemkin, Esq. (JL-2490)
744 Broad Street
Suite 1200
Newark, NJ 07102
973.424.2000
Facsimile 973.424.2001
Proposed Attorneys for Parkview Care and Rehabilitation Center, Inc.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

IN RE:

PARKVIEW  CARE  AND  REHABILITATION
CENTER, INC.

                        Debtor.
                                            X
------------------------------------------------------------

Case No.  08-71867 (DTE)

Chapter 11

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DUANE MORRIS LLP AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION

Upon the application of Parkview Care and Rehabilitation Center, Inc. (the "Debtor") for

the entry of an order authorizing the retention and employment of Duane Morris, LP ("Duane

Morris") as counsel to the Debtor, effective *nunc pro tunc* to the Petition Date, pursuant to

Section 327(a) of the Bankruptcy Code (the "Application"), and upon the Affidavit of Joseph H.

Lemkin, Esq. in Support of Application to Retain and Employ Duane Morris as Counsel for

Debtor and Debtor in Possession (the "Lemkin Aff."), the Court, having jurisdiction to consider

the relief requested therein in accordance with 28 U.S.C. §1334(b), and having found (i) that

there has been adequate notice and an opportunity for a hearing; (ii) that Duane Morris does not

represent any interest adverse to the Debtor with respect to the matters upon which it is to be

engaged; (iii) that Duane Morris is a disinterested party under Section 101(14) of the Bankruptcy

Code; and (iv) that after due deliberation and sufficient cause appearing therefor, the retention of Duane Morris as counsel for the Debtor is appropriate and beneficial, now, therefore,

**IT IS HEREBY ORDERED** that pursuant to Section 327(a) of the Bankruptcy Code, the Debtor is hereby authorized and empowered to retain and employ Duane Morris as counsel, effective *nunc pro tunc* to the Petition Date; and

**IT IS FURTHER ORDERED** that Duane Morris shall be compensated and reimbursed in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Eastern District of New York, and such other procedures as have been or may be fixed by Order of this Court.

Dated: **_May 14___**, 2008
       **Central Islip**, New York

                                     **_s/ Dorothy Eisenberg_**
                                     UNITED STATES BANKRUPTCY JUDGE

No Objection :
Office of the United States Trustee

**_s/ Alfred M. Dimino_**
Alfred M. Dimino

DM1\1322023.1

EXHIBIT B

**DUANE MORRIS** LLP
A DELAWARE LIMITED LIABILITY PARTNERSHIP
By:     Walter J. Greenhalgh, Esq. (Pro Hac Vice)
        Joseph H. Lemkin, Esq. (JL 2490)
744 Broad Street, Suite 1200
Newark, NJ 07102
973.424.2000

*Attorneys for Debtor Parkview Care and Rehabilitation Center, Inc.*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

IN RE:

PARKVIEW CARE AND REHABILITATION
CENTER, INC.

                    Debtor.

Case No.  08-71867 (DTE)

Chapter 11

## ORDER CONFIRMING PLAN

The Revised Third Amended Plan of Reorganization under Chapter 11 of the Bankruptcy

Code, dated as of November 5, 2010 filed by Debtor, Parkview Care and Rehabilitation Center,

Inc. on December 16, 2011 [Docket No. 374] and as modified on March 3, 2011 through the

First Modification to Revised Third Amended Plan, and on April 4, 2011 through the Second

Modification to Revised Third Amended Plan.

It having been determined after hearing on notice that the requirements for confirmation

set forth in 11 U.S.C. §1129(a) have been satisfied:

**IT IS ORDERED** that:

The Revised Third Amended Plan of Reorganization, the First Modification to the

Revised Third Amended Plan of Reorganization and the Second Modification to the Revised

Third Amended Plan of Reorganization (collectively the "Plan") filed by Debtor Parkview Care and Rehabilitation Center, Inc., is hereby confirmed.

A copy of the confirmed Revised Third Amended Plan is attached hereto as **Exhibit "A"**, The First Modification to the Revised Third Amended Plan is attached hereto as **Exhibit "B".** The Debtor's Second Modification to Revised Third Amended Plan of Reorganization Incorporating Exhibits is attached hereto as **Exhibit "C"**, and the Third Amendment to the Stock Purchase Agreement attached hereto as **Exhibit "D"**.

The documents and agreements attached to **Exhibit "C" and Exhibit "D"** are hereby approved.

To the extent there is a discrepancy or conflict between the terms and provisions set forth in the text of the Plan and the terms and provisions set forth in the documents attached to **Exhibit "C" and Exhibit "D"** which is annexed hereto, the terms and provisions set forth in the documents attached to **Exhibit "C" and Exhibit "D"** which is annexed hereto shall prevail and govern the parties respective obligations. To the extent there is a discrepancy between **Exhibit "C" and Exhibit "D"**, the provisions of **Exhibit "D"** shall prevail.

To the extent there is a discrepancy or conflict between the terms and provisions set forth in the Revised Third Amended Plan of Reorganization and the First Modification to the Revised Third Amended Plan, then the terms of the First Modification to the Revised Third Amended Plan and **Exhibit "D"** shall prevail and govern the parties respective obligations.

To the extent that the Patient Care Ombudsman, Margaret Hormada, ("Ombudsman") continues to perform services in that capacity on behalf of the Debtor, from April 14, 2011 until the effective date of the Plan, the Ombudsman original Order authorizing her appointment shall continue and the Ombudsman shall not be required to file any further fee application before this

Court for payment of fees incurred during the period from April 14, 2011 thru to the effective date of the Plan. The Ombudsman's appointment shall terminate and shall be discharged upon the effective date of the Plan.

Finally, to the extent there is a discrepancy or conflict between the terms and provisions set forth in the Revised Third Amended Plan of Reorganization and/or the First Modification to the Revised Third Amended Plan of Reorganization with the Second Modification to the Revised Third Amended Plan, then the terms of the Second Modification to the Revised Third Amended Plan shall prevail and govern the parties respective obligations.

Dated: Central Islip, New York
June 8, 2011

Dorothy Eisenberg
United States Bankruptcy Judge

EXHIBIT C

**AGREEMENT** dated May _____, 2011 between **PARK VIEW NURSING HOME, INC.**, a New York Corporation with an address at 5353 Merrick Road, Massapequa, New York 11758 ("Debtor"), **BEN LANDA**, an individual with an address at 20 Franklin Place, Woodmere, New York 11598, and **DUANE MORRIS, LLP**, a limited liability partnership with an address at 1540 Broadway, New York, New York 10036.

**WHEREAS**, Duane Morris has represented Debtor in connection with its bankruptcy petition filed April 16, 2008, and

**WHEREAS**, Duane Morris has unpaid legal fees and disbursements incurred in such representation in the amount of $1,128,380.39 and

**WHEREAS**, Debtor has submitted a Plan of Reorganization in Bankruptcy (the "Plan"), now pending confirmation by the Bankruptcy Court ("Confirmation") and

**WHEREAS**, the parties are desirous of moving the Plan forward to Confirmation and

**WHEREAS**, Duane Morris has agreed to accept a reduction in fee and payout over time to assist in achieving resolution of this matter,

**NOW, THEREFORE,** in consideration of the promises contained herein, the parties agree as follows:

1. Duane Morris has submitted an application to the United States Bankruptcy Court for the Eastern District of New York (the "Court") for a fee and disbursement allowance in the amount of $1,128,380.39 (the "Duane Morris Fee") for unpaid fees and disbursements through April 30, 2011.

2. In order for the case to proceed to Confirmation, Duane Morris has agreed to reduce its claim for all fees and disbursements incurred through the date of entry of an Order by the Court Confirming the Plan to $800,000 (the "Settlement Fee") subject to the terms and payable under the conditions described below.

3. Debtor and Landa agree to pay Duane Morris the Settlement Fee as follows:

(a)     $100,000 within one (1) week of entry of a Court Order confirming the Plan.

(b)     $700,000 to be paid in thirty-six (36) equal monthly installments of $19,444.44 payable on the first day of each month succeeding the month after which the Order of Confirmation was entered.

(c)     If Debtor fails to show a Profit from Business Operations (as defined herein), Duane Morris agrees to reduce the Settlement Fee by $50,000 by eliminating the last two monthly payments (numbers 35 and 36), plus so much of the thirty-fourth monthly payment as will total a $50,000 reduction.

4.     "Profit from Business Operations" is to be determined by reviewing the operations of the Debtor during the twenty-fifth through the thirtieth months of operation subsequent to entry of the Order of Confirmation, based on the financial records and statements, certified and uncertified, prepared by the Certified Public Accountants regularly servicing the Debtor and in accordance with the following sentence. Notwithstanding that Debtor's financial statements are on an accrual basis, Profit from Business Operations shall be determined on a cash basis, and shall be based on net revenue for the period, including without limitation, operational revenue and expenses as well as expenses incurred in connection with payments to creditors under the Plan. If the parties cannot agree on whether such records demonstrate a Profit from Business Operations, the parties shall submit the matter to arbitration by Mr. Saul Schechter of Martin Friedman & Company, or if Mr. Schechter is unwilling or unable to act, to a mutually agreeable third party.

5.     <u>Binding Agreement</u> – This Agreement shall be binding upon and will inure to the benefit of the parties and their respective representatives, successors and permitted assigns.

6.     <u>Governing Law</u> – This Agreement shall be governed by and construed in accordance with the laws of New York State (without regard to conflict of law principles).

7.     <u>Termination</u> – In the event the Court has not entered an Order of Confirmation within forty-five (45) days of the date hereof, this Agreement shall automatically terminate and be of no further force or effect. In the event of termination of the Stock Purchase

Agreement by and among David Jones, Judith Jones-Calnan, Bent Philipson, Landa and Debtor, dated December 10, 2010, as thereafter amended, Landa's obligations hereunder shall automatically terminate and he shall have no further obligations relating to the Duane Morris Fee or the Settlement Fee.

8.    Notices - All notices under this Agreement shall be in writing and may be delivered by hand, messenger, expedited delivery service, FedEx, UPS, etc.) or certified mail, return receipt requested.  With respect to delivery by hand, messenger, expedited delivery services, notices shall be deemed served on the date of actual receipt by the person being noticed.  Notices delivered by certified mail shall be deemed received on the third (3rd) day following deposit of a first class, pre-paid wrapper in a repository duly designated for mailing by the United States Postal Service, attested by an affidavit of service. Notices should be delivered as follows:

TO:

PARK VIEW NURSING HOME, INC.
5353 Merrick Road
Massapequa, New York 11758

Ms. Megan Jones
Park View Nursing Home, Inc.
5353 Merrick Road
Massapequa, New York 11758

TO:

DUANE MORRIS, LLP
1540 Broadway
New York, New York 10036

Attention:  Jerome T. Levy, Esq.

TO:

Ben Landa
20 Franklin Place
Woodmere, New York 11598

WITH A COPY TO:

Tenzer & Lunin LLP
1775 Broadway
Suite 608
New York, New York 10019

Attention: Joshua Tenzer

9. Jurisdiction: Venue: The Court shall retain jurisdiction to enforce the terms of this Agreement. All actions and proceedings arising out of or relating to this Agreement that are not otherwise subject to resolution pursuant to Section 4 herein shall be heard and determined in the Court, and each party hereby irrevocably accepts and consents to the exclusive personal jurisdiction of the Court for such purpose. In addition, each party hereby irrevocably waives to the fullest extent permitted by law, any objection which it may now or hereafter have to the laying of venue of any action or proceeding arising out of or relating to this Agreement or any judgment entered by the Court in respect thereof brought in the Court, and further irrevocably waives any claim that any action or proceeding brought in such Court has been brought in an inconvenient forum.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

PARK VIEW NURSING HOME, INC.:

_____

BEN LANDA:

_____

DUANE MORRIS, LLP:

By: _____
WALTER J. GREENHALGH, PARTNER

EXHIBIT D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

PARKVIEW CARE AND REHABILITATION
CENTER, INC.,

Case No.  08-71867 (DTE)

Chapter 11

Debtor.

## ORDER GRANTING FINAL FEES AND INTERIM FEE APPLICATIONS AND REIMBURSEMENTS OF EXPENSES TO PROFESSIONALS

Upon the final applications for professional services rendered and expenses incurred for

the following professionals: Margaret Hromada, as Patient Care Ombudsman; Wolf Haldenstein

Adler Freeman & Herz LLP as Special Counsel; Abbate DeMarinis, LLP as Accountant and

Financial Advisor for the Debtor; Klinger & Klinger, LLP as Accountants for the Committee of

Unsecured Creditors; Ruskin Moscou Faltischeck, P.C.[1] as Counsel for the Official Committee

of Unsecured Creditors and Duane Morris LLP as Debtor's Counsel; and a hearing having been

held before this Court to consider all of the Applications on May 31, 2011; and the Court being

satisfied that due notice of the relief requested in the Applications has been provided pursuant to

Federal Rules of Bankruptcy Procedures 2002(a)(7) and (c)(2); and the Court having noted

certain objections were filed only as to the Application filed on behalf of Duane Morris LLP; and

in accordance with a voluntary reduction and settlement reached by and between Duane Morris

LLP and Parkview Acquisition I, LLC, the prospective purchaser of an interest in the Debtor

pursuant to the Proposed Plan of Reorganization , and said settlement and voluntary reduction

having been placed upon the Court record of May 31, 2011, and pursuant to said settlement all

---

[1] Notwithstanding that this Order is characterized as a Final Order, and as set forth on the record during the hearing on May 31, 2011, Counsel for the Official Committee of Unsecured Creditors reserves its right to submit a supplemental fee application for fees and expenses incurred through and including 5/31/11.

objections to the final Fee Application of Duane Morris LLP having been withdrawn, in accordance with the settlement between Duane Morris LLP and Parkview Acquisition I, LLC; and due consideration having been given to the arguments and presentation of counsel during the hearing of May 31, 2011; and sufficient cause having been shown therefore; it is hereby

**ORDERED,** that the Applications are granted, authorizing the payment of final compensation pursuant to 11 U.S.C. §330, to the extent set forth in the attached **Schedule "A"**; and,

**IT IS FURTHER ORDER,** that the awards approved herein are final fee awards to all applicants and certain of the applicants have agreed to be paid over a period of time as further set forth on the attached **Schedule "A"** and the final awards include all holdbacks as set forth in the Applications for each professional.



Dated: Central Islip, New York
      June 9, 2011

Dorothy Eisenberg
United States Bankruptcy Judge

## SCHEDULE A

CASE NUMBER: 08-71867 (DTE)

CASE NAME: Parkview Care and Rehabilitation Center, Inc.

| APPLICANT/ DATE/DOCKET NO. OF APPLICATION | TOTAL AMOUNT OF ALL FEES REQUESTED | TOTAL AMOUNT OF ALL EXPENSES REQUESTED | TOTAL AMOUNT OF FEES AWARDED | TOTAL AMOUNT OF EXPENSES AWARDED | TOTAL AMOUNT PAID TO DATE FEES AND EXPENSES | BALANCE DUE OF FEES | BALANCE OF EXPENSES DUE | AGREEMENTS |
|---|---|---|---|---|---|---|---|---|
| Margaret Hromada, Patient Care Ombudsman 4/28/11 Docket No. 465 | $29,475.00 | $1,065.00 | $29,475.00 | $1,065.00 | $24,953.75 | $4,725.00 | $201.50 | |
| Wolf Haldenstein Adler Freeman & Herz LLP 4/26/11 Docket No. 464 | $38,635.25 | $2,869.74 | $38,635.25 | $2,869.74 | $30,682.67 | $9,145.00 | $1,677.32 | |
| Abbate DeMartinis, LLP 5/3/11 Docket No. 466 | $199,868.75 | $0.00 | $199,868.75 | $0.00 | $139,758.34 | $60,110.41 | $0.00 | $60,110.41 Payable pursuant to voluntary agreement by applicant $5,010.00 on effective date of the Plan by the Debtor and the balance of $55,100.41 payable monthly over a period of twelve months from the effective date of the Plan |

DM3\1808000.2

| APPLICANT/ DATE/DOCKET NO. OF APPLICATION | TOTAL AMOUNT OF ALL FEES REQUESTED | TOTAL AMOUNT OF ALL EXPENSES REQUESTED | TOTAL AMOUNT OF FEES AWARDED | TOTAL AMOUNT OF EXPENSES AWARDED | TOTAL AMOUNT PAID TO DATE FEES AND EXPENSES | BALANCE DUE OF FEES | BALANCE OF EXPENSES DUE | AGREEMENTS |
|---|---|---|---|---|---|---|---|---|
| Klinger & Klinger, LLP 5/10/11 Docket No. 470 | $97,598.50 | $292.60 | $97,598.50 | $292.60 | $79,154.63 | $18,720.47 | $16.00 | |
| Ruskin Moscou Faltischek, P.C. 5/9/11 Docket No. 469 | $356,580.50 | $2,190.09 | $356,580.50 | $2,190.09 | $236,853.20 | $121,217.90 | $699.49 | |
| Duane Morris LLP 5/3/11 Docket No. 467 | $1,760,352.50 | $29,206.60 | $1,128,380.39 reduced voluntarily by applicant to $800,000.00 | $23,212.39 | $661,188.33 | Reduced voluntarily by applicant to $800,000.00 | $0.00 | $800,000.00 Pursuant to settlement agreement and voluntary reduction by applicant payable as follows: $100,000.00 within one week of entry of a Court Order confirming the Debtor's Plan of Reorganization and $700,000.00 to be paid in thirty-six (36) in monthly installments of $19,444.44 payable on the first day of each month succeeding the month after which the Order of Confirmation was entered and if Debtor fails to show a profit from |

| APPLICANT/ DATE/DOCKET NO. OF APPLICATION | TOTAL AMOUNT OF ALL FEES REQUESTED | TOTAL AMOUNT OF ALL EXPENSES REQUESTED | TOTAL AMOUNT OF FEES AWARDED | TOTAL AMOUNT OF EXPENSES AWARDED | TOTAL AMOUNT PAID TO DATE FEES AND EXPENSES | BALANCE DUE OF FEES | BALANCE OF EXPENSES DUE | AGREEMENTS |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | business operations (as defined in the Settlement Agreement marked as Exhibit Debtor I at the hearing on confirmation) applicant agrees to reduce its settlement fee by $50,000.00 by eliminating the last two monthly payments (Nos. 35 & 36), plus so much of the 34th monthly payment as would total a $50,000.00 reduction. |

DATE: _____

INITIALS _____ USBJ

SCHEDULE A

DM5N1808000.2